GEORGE W. PARTRIDGE, Appellant from decree of Judge of Insolvency Court.

Waldo.    Opinion December 18, 1901.

*Insolvency.    Inchoate Preferences.    Proof of Debt.    R. S., c. 70, §§ 29, 33.*

1. A mortgage given to secure a prior debt, at a time when the debtor was in fact insolvent and the creditor had reason to so believe, does not constitute a preference under the Insolvency Act, R. S., c. 70, § 29, unless it was recorded at least three months prior to commencement of insolvency proceedings.

2. Such mortgage, not thus recorded, being invalid as against the assignee, the creditor is not obliged to cancel it upon the record or otherwise, before proving his debt in the court of insolvency.

3. The fact that the assignee brought a bill in equity to procure a cancellation of the mortgage and obtained a decree therefor, does not make such cancellation a condition precedent to proving the creditor's claim. If the assignee desires such decree enforced, he should proceed in the equity suit.

See *Boyd* v. *Partridge*, 94 Maine, 440.

Exceptions by appellant.    Overruled.

Appeal by George W. Partridge, a creditor of Hosea B. Littlefield,

an insolvent, from the disallowance of his proof of debt in the court of insolvency for Waldo county.

The appeal was heard at nisi prius, in this court below, by the presiding justice who sustained the appeal and admitted the claim.

The case below was submitted on the following agreed statement:

On the sixth day of January, 1898, Hosea B. Littlefield was indebted to George W. Partridge in the sum of twelve hundred dollars, and on that day gave said Partridge his three promissory notes for four hundred dollars each, secured by a mortgage of his farm of the same date. This mortgage was recorded on the second day of May, 1898. On the eighth day of June, 1898, the requisite number and amount of creditors of Hosea B. Littlefield filed a petition against him in insolvency, on which he was duly adjudged to be an insolvent debtor on the thirteenth day of July, 1898, and Arthur Boyd was duly appointed assignee of his estate in insolvency, and an assignment in due form of law was made to him. On the sixth day of January, 1898, when this mortgage was given, Hosea B. Littlefield was in fact insolvent and Partridge then had reasonable cause to believe that Littlefield was insolvent, and in contemplation of insolvency.

After the appointment of Arthur Boyd as assignee, he brought a bill in equity against Partridge who held one of said notes and Herbert Black who held two of said notes, to procure the cancellation and discharge of said mortgage. Partridge contested this suit and took it to the law court on exceptions. Upon this bill in equity the court declared said mortgage to be null and void, and ordered Partridge to discharge the same; the final decree in said case being entered at the January Term, 1901, of the Supreme Judicial Court held in Waldo county. Partridge has not discharged the mortgage in the registry of deeds nor given the assignee a discharge of the mortgage, nor filed any discharge of the mortgage with the register of the Court of Insolvency. On the thirteenth day of February, 1901, said Partridge filed a proof of debt of the four hundred dollar note held by him in due form of law in the Court of Insolvency.

The assignee filed his petition in due form, verified by oath, setting forth, as the grounds of his objection to the proof of said claim, that

said Partridge had accepted a preference contrary to the provisions of R. S., c. 70, as amended.

The judge of the Court of Insolvency sustained the objections of the assignee and disallowed the claim; from which judgment of the Court of Insolvency Partridge appealed to this court.

The presiding justice ruled, as matter of law, that these facts do not show that Partridge had accepted a preference contrary to the provisions of the statutes, and sustained the appeal and allowed the claim of Partridge against the estate of said Littlefield in insolvency. To these rulings of the presiding justice the assignee took exceptions, and the case, argued in writing as provided in R. S., c. 70, § 12, was certified to the Chief Justice.

*Jos. Williamson,* for appellant.

The mortgage in question was ordered to be cancelled and discharged by a decree in equity rendered by this court, not upon the ground of a preference, but on other grounds. Preference was not claimed in the bill, nor is it mentioned in the opinion of the court in *Boyd* v. *Partridge,* 94 Maine, 440.

Counsel also cited: *Bean* v. *Brookmire,* 1 Dill. 24; *Gibson* v. *Warden,* 14 Wall. 244; *Hubbard* v. *Allaire Works,* 7 Blatch. 284; *Stuart* v. *Redman,* 89 Maine, 435.

*R. F. and J. R. Dunton,* for assignee.

Partridge resisted the bill in equity brought to procure the cancellation of this mortgage at every step till the final decree was entered, and has neglected or refused to comply with the order of court requiring him to discharge the mortgage. Even if he had complied with the order of the court to discharge the mortgage, this would not be such a surrender or discharge of his security as is required by R. S., c. 70, § 29, as amended by the statute of 1897, c. 25, § 4.

If the assignee is compelled to bring an action to invalidate a transfer, and if he recovers and enters up judgment, no subsequent payment of that judgment by the preferred creditor, and no subsequent compliance by him with its terms can be considered a surrender. By his judgment the assignee has recovered the property. In legal effect the creditor no longer has anything to surrender.

Collier on Bankruptcy, p. 319, and cases there cited.    Dyer's Maine Insolvent Law, p. 29, Note 4, and cases cited.

SITTING:    WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOG-LER, PEABODY, JJ.

EMERY, J.    January 6, 1898, Littlefield, the insolvent debtor, was indebted to Partridge, the claimant, and on that day undertook to secure that prior indebtedness by giving him promissory notes and a real estate mortgage of that date.    At the time of this transaction Littlefield was in fact insolvent and Partridge had reasonable cause to believe that he was insolvent and was contemplating insolvency. No proceedings in insolvency, however, were begun by or against Littlefield until June 8, 1898, more than four months after the mortgage was given.

Had the mortgage been recorded more than three months pre-ceding the commencement of the insolvency proceedings, it might have escaped the effect of those proceedings, but it was not recorded till May 2, 1898, and within the three months named in § 33 of the insolvency statute (R. S., c. 70).    The mortgage was, therefore, invalidated by the insolvency proceedings begun within three months after its record, and it was so adjudged upon that ground in an equity case by the assignee in insolvency against Partridge.    (94 Maine, 440).    It was declared to be of no force as against the assignee and the creditors, and was ordered to be discharged and can-celled.    This does not appear to have been formally done, but there is no suggestion that he has been asked to do it, or has had any actual notice of the decree.    At any rate, the mortgage is of no force as against the assignee and creditors, and in view of the adjudication of the court may be disregarded by them.

It having been thus adjudged that his mortgage was invalid and of no avail and should be cancelled, Partridge undertook to prove his debt against the insolvent estate of Littlefield as an unsecured claim.    This was opposed by the assignee under § 29 of the insol-vency statute (R. S., c. 70) which declares that "a person who has accepted any preference knowing that the debtor was insolvent or in

contemplation of insolvency, shall not prove the debt on which the preference was given nor receive any dividend thereon, until he surrenders to the assignee all property, money, benefit or advantage received by him under such preference."

It is to be noted that by the statute a creditor who has accepted a preference is not absolutely debarred from proving his claim, but is only delayed until he surrenders " all the property, money, benefit or advantage received by him under such preference." He seems to have an option, to keep what he may have received from the debtor and forego any claim upon the estate, or to return all that he so received and make a claim against the estate. The statute does not seem to be penal, but remedial only, to secure equality among all creditors seeking to prove their claims. *Morey* v. *Milliken*, 86 Maine, at page 476.

Partridge in fact had no preference over other creditors. He has no "property, money, benefit or advantage" received under any preference. He has nothing to surrender. By his omission to seasonably record his mortgage he surrendered all that he obtained under it. It is in fact invalid and has been so adjudged. It no longer incumbers the insolvent estate, or hinders its division among creditors. Though a preference was intended, none was effected. As to the assignee, it was as though a mortgage was intended to be executed but was not executed. An intent alone does not constitute a preference.

The assignee urges, however, that there was once a preference, and that it was destroyed only by his proceeding against it in equity to have it cancelled. He inquires whether Partridge could have proved his claim, if there had been no decree of the court cancelling the mortgage? The answer is, that the court did not destroy a once valid mortgage. It merely held that the mortgage never became effective as against the assignee. The mortgage never was valid nor a preference as against the assignee. The assignee and purchasers from the assignee could have ignored it.

The assignee again urges that Partridge cannot prove his claim until he obeys the decree of the court ordering a cancellation of the mortgage,—that he has not surrendered his preference until he makes

such cancellation.    It is not the cancellation that destroys the mortgage.    The mortgage was dead as against the assignee before his suit in equity was begun.    The cancellation will be simply its removal from sight.    If the assignee or any purchaser from him so desires, he can enforce the cancellation by proceedings for contempt.

Still again it is urged that the conduct of Partridge in taking the mortgage compelled the assignee to expend funds of the estate in litigation to compel a cancellation, and thus reduce the dividends to the unsecured creditors.    Waiving the question whether the equity suit was necessary, it is enough to say that, in view of the law, the costs recovered are an expiation of the sin of defending against proceedings at law or in equity.

The decision of the presiding justice that Partridge could prove his claim was correct.

*Exceptions overruled.*